THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Paige Gaglione and Ariel K. Redden,<br><br>    Plaintiffs,<br><br>vs.<br><br>Bistecca Corp. dba Harry Buffalo Parma Heights and Robert T. George,<br><br>    Defendants. | No. _____<br><br>**COMPLAINT** |

COME NOW Plaintiffs, Paige Gaglione ("Plaintiff Paige Gaglione") and Ariel K. Redden ("Plaintiff Ariel Redden") (collectively "Plaintiffs"), individually, by and through the undersigned attorney and sue the Defendants, Bistecca Corp. dba Harry Buffalo Parma Heights. ("Defendant Harry Buffalo") and Robert T. George ("Defendant Robert George") (collectively, "Defendants"), and they allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs are former employees of Defendants. This is an action for equitable relief, minimum wage, overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, and 29 U.S.C. § 216(b).

-1-

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. <u>See</u> 29 U.S.C. § 206(a) ("Section 6(a)"). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." <u>See id</u>. § 203(m).

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. This civil action arises under the Constitution and law of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiffs occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

5. At all material times, Plaintiff Paige Gaglione is a resident of Cuyahoga County, Ohio and the Northern District of Ohio, and is a former employee of Defendants.

6. At all material times, Plaintiff Ariel Redden is a resident of Cuyahoga County, Ohio and the Northern District of Ohio, and is a former employee of Defendants.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

7. At all material times, Harry Buffalo was a corporation duly licensed to transact business in the State of Ohio. Defendant Harry Buffalo does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

8. At all relevant times, Defendant Harry Buffalo owns, operates as, and/or does business as Harry Buffalo Parma Heights, a restaurant and bar located in Parma Heights, Cuyahoga County, Ohio.

9. At all relevant times, Plaintiffs were employees of Defendant Harry Buffalo. At all relevant times, Defendant Harry Buffalo, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Employment. In any event, at all relevant times, Defendant Harry Buffalo was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

10. At all relevant times, Defendant Robert George owns, operates as a manager of, operates as an officer of, and/or possesses a similar interest in Defendant Harry Buffalo. At all relevant times, Defendant Robert George had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant Harry Buffalo. In any event, at all relevant times, Defendant Robert George was an employer subject to the FLSA and employed Plaintiffs.

11. At all relevant times, Plaintiffs were "employees" of Defendant Harry Buffalo and Defendant Robert George as defined by 29 U.S.C. § 203(e)(1).

12. The provisions set forth in 29 U.S.C. §§ 206 and 207 of the FLSA apply to Defendant Harry Buffalo and Defendant Robert George.

13. At all relevant times, Defendant Harry Buffalo and Defendant Robert George were and continue to be employers as defined by 29 U.S.C. § 203(d).

14. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

15. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

16. Plaintiffs have retained The Bendau Law Firm, PLLC and James L. Simon to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on their behalves.

## **NATURE OF THE CLAIM**

17. Plaintiff Paige Gaglione had been an hourly employee for Defendants in Cuyahoga County, Ohio for approximately two years, nine months. Plaintiff Paige Gaglione was hired on approximately February 1, 2012 and ceased employment with Defendants on approximately October 31, 2014. Plaintiff Paige Gaglione was paid as and worked as a tipped employee from approximately May 1, 2012 through approximately October 31, 2014.

18. Plaintiff Ariel Redden had been an hourly employee for Defendants in Cuyahoga County, Ohio for approximately three years, one month. Plaintiff Ariel Redden was hired on approximately November 1, 2011 and ceased employment with Defendants

-4-

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

approximately November 30, 2014. Plaintiff Ariel Redden was paid as and worked as a tipped employee from approximately November 1, 2011 through approximately November 30, 2014.

19. Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

20. At all relevant times, Defendants own and/or operate Harry Buffalo Parma Heights in Cuyahoga County, Ohio.

21. Plaintiffs are low paid laborers who work in a high stress environment across Cuyahoga County, Ohio.

22. Rather than pay its tipped employees, Plaintiffs, the applicable state minimum wage, for the time Plaintiffs were paid an hourly wage, Defendants imposed a tip credit upon Plaintiffs at below the applicable minimum wage.

23. As a result of Defendant's imposition of a tip credit, Plaintiffs were forced to perform work at an hourly rate that was less than the applicable minimum wage.

24. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Ohio wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to one-half of the Ohio minimum wage per hour, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

25. Defendants failed to inform Plaintiffs of the provisions of 29 U.S.C. § 203(m) at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' wages, and Defendants should

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

have therefore paid the full Ohio minimum wage to Plaintiffs for all time they worked during the course of their regular workweeks.

26. As such, full minimum wage for such time is owed to Plaintiffs for the entire time they were employed by Defendants.

27. Defendants engaged in the regular practice of altering Plaintiffs' time records so that wages were not paid for work performed before, during, and after Plaintiffs' scheduled shift hours.

28. Defendants engaged in the regular practice of requiring Plaintiffs to perform work while not "clocked in" to Defendants' time recording system.

29. As a result of Defendants' willful failure to compensate Plaintiffs for such time worked, Defendants paid Plaintiffs less than the overall minimum wage for the work Plaintiffs performed for Defendants, such that the average of Plaintiffs' hourly wages was less than the applicable minimum wage.

30. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for all hours worked, Defendants have violated 29 U.S.C. § 206(a).

31. Defendants knew that – or acted with reckless disregard as to whether – their intentional time clock manipulation would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

32. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs a wage for time spent working due to intentional manipulation of Plaintiffs' time records.

-6-

33. Defendants engaged in the regular practice of requiring Plaintiffs to perform a substantial amount of non-tipped labor related to their tipped occupation in excess of 20% of their regular workweeks and non-tipped labor unrelated to their tipped occupation over the course of their regular workweeks.

34. As a result of Defendants' willful requirement that Plaintiffs perform a substantial amount of non-tipped labor related to their tipped occupation in excess of 20% of their regular workweeks and non-tipped labor unrelated to their tipped occupation over the course of their regular workweeks, Defendants paid Plaintiffs less than the overall minimum wage for such work that Plaintiffs performed for Defendants, such that the average of Plaintiffs' hourly wages was less than the applicable minimum wage.

35. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

36. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

37. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs the full applicable minimum wage for time spent performing non-tipped labor related to their tipped occupation in excess of 20% of their workweeks, and non-tipped labor unrelated to their tipped occupation over the course of their workweeks.

-7-

38. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

39. Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT I
## FLSA: TIME CLOCK MANIPULATION & REQUIRED OFF-CLOCK WORK

40. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

42. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

43. At all relevant times, Defendants employed Plaintiffs, and Plaintiffs were employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

44. Defendants engaged in the regular practice of altering Plaintiffs' time records so that wages were not paid for work performed before, during, and after Plaintiffs' scheduled shift hours.

45. Defendants engaged in the regular practice of requiring Plaintiffs to perform work while not "clocked in" to Defendants' time recording system.

-8-

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

46. As a result of Defendants' willful failure to compensate Plaintiffs for such time worked, Defendants paid Plaintiffs less than the overall minimum wage for the work Plaintiffs performed for Defendants, such that the average of Plaintiffs' hourly wages was less than the applicable minimum wage.

47. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for all hours worked, Defendants have violated 29 U.S.C. § 206(a).

48. Defendants knew that – or acted with reckless disregard as to whether – their intentional time clock manipulation would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

49. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs a wage for time spent working due to intentional manipulation of Plaintiffs' time records.

50. For example, and upon information and belief, during the workweek of January 4, 2014, Defendants altered Plaintiff Paige Gaglione's time records so as to indicate that Plaintiff Paige Gaglione did not perform labor for Defendants for times during which Plaintiff Paige Gaglione did in fact perform labor for Defendants.

51. During the same workweek, upon information and believe, Defendants also engaged in the regular practice of requiring and/or allowing Plaintiff Paige Gaglione to perform work while not "clocked in" to Defendants' time recording system.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

52. As a result of Defendants' willful conduct, a wage was never paid to Plaintiff Paige Gaglione for time she spent working, thus bringing her wages below minimum wage, in willful violation of 29 U.S.C. § 206(a).

53. For example, and upon information and belief, during the workweek of January 4, 2014, Defendants altered Plaintiff Ariel Redden's time records so as to indicate that Plaintiff Ariel Redden did not perform labor for Defendants for times during which Plaintiff Ariel Redden did in fact perform labor for Defendants.

54. During the same workweek, upon information and believe, Defendants also engaged in the regular practice of requiring and/or allowing Plaintiff Ariel Redden to perform work while not "clocked in" to Defendants' time recording system.

55. As a result of Defendants' willful conduct, a wage was never paid to Plaintiff Ariel Redden for time she spent working, thus bringing her wages below minimum wage, in willful violation of 29 U.S.C. § 206(a).

56. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

57. Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT II
## FLSA: NON-TIPPED LABOR RELATED TO TIPPED OCCUPATION IN EXCESS OF 20% OF TIME WORKED & NON-TIPPED LABOR UNRELATED TO TIPPED OCCUPATION

58. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

60. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

61. At all relevant times, Defendants employed Plaintiffs, and Plaintiffs were employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

62. Defendants engaged in the regular practice of requiring Plaintiffs to perform a substantial amount of non-tipped labor related to their tipped occupation in excess of 20% of their regular workweeks and non-tipped labor unrelated to their tipped occupation over the course of their regular workweeks.

63. Examples of non-tipped labor related to Plaintiffs' tipped occupation that exceeded 20% of Plaintiffs' regular workweek, include, but are not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, breaking down and cleaning the expo line, and cleaning and stocking restrooms.

-11-

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

64. Examples of non-tipped labor unrelated to Plaintiffs' tipped occupation that Plaintiffs performed during their regular workweeks, include, but are not limited to: preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, and cleaning and stocking restrooms.

65. As a result of Defendants' willful requirement that Plaintiffs perform a substantial amount of non-tipped labor related to their tipped occupation in excess of 20% of their regular workweeks and non-tipped labor unrelated to their tipped occupation over the course of their regular workweeks, Defendants paid Plaintiffs less than the overall minimum wage for such work that Plaintiffs performed for Defendants, such that the average of Plaintiffs' hourly wages was less than the applicable minimum wage.

66. In both policy and practice, Defendants regularly and consistently required Plaintiffs to perform the above-listed non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of Plaintiffs' regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiffs had few to no customers to serve; before serving their first customer; and after being "cut" from serving customers.

67. In both policy and practice, Defendants regularly and consistently required Plaintiffs to perform the above-listed non-tipped labor unrelated to their tipped occupation during the course of Plaintiffs' regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers;

while Plaintiffs had few to no customers to serve; before serving their first customer; and after being "cut" from serving customers.

68. As a result of Defendants' requirement that Plaintiffs perform such non-tipped labor related to their tipped occupation, and in excess of twenty percent (20%) of their regular workweek, while earning the reduced tip credit rate, Plaintiffs were engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiffs included, but was not limited to, spending more than part of their time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiffs spent working in their non-tipped occupation. Plaintiffs are, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiffs less than the overall minimum wage for the work Plaintiffs performed during their regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

69. As a result of Defendants' requirement that Plaintiffs perform such non-tipped labor unrelated to their tipped occupation, while earning the reduced tip credit rate, Plaintiffs were engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiffs included, but was not limited to, spending more than part of their time cleaning and setting

-13-

tables and making coffee, and more than occasionally washing dishes. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiffs spent working in their non-tipped occupation. Plaintiffs are, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiffs less than the overall minimum wage for the work Plaintiffs performed during their regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

70. As a result of Defendants' willful failure to compensate Plaintiffs the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

71. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

72. Defendants have willfully violated the FLSA by not paying Plaintiffs the full applicable minimum wage for time spent performing non-tipped labor related to their tipped occupation in excess of 20% of their workweeks, and non-tipped labor unrelated to their tipped occupation over the course of their workweeks.

73. For example, during each and every workweek for which Plaintiff Paige Gaglione worked for Defendants as a tipped employee, Defendants required Plaintiff Paige

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

Gaglione to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweek. Defendants paid Plaintiff Paige Gaglione less than the overall minimum wage for such work that Plaintiff Paige Gaglione performed for Defendants, such that the average of Plaintiff Paige Gaglione's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a). Defendants required Plaintiff Paige Gaglione to perform non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation each and every workweek during which she worked for Defendants.

74. For example, during each and every workweek for which Plaintiff Ariel Redden worked for Defendants as a tipped employee, Defendants required Plaintiff Ariel Redden to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweek. Defendants paid Plaintiff Ariel Redden less than the overall minimum wage for such work that Plaintiff Ariel Redden performed for Defendants, such that the average of Plaintiff Ariel Redden's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a). Defendants required Plaintiff Ariel Redden to perform non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation each and every workweek during which she worked for Defendants.

-15-

75. Plaintiffs believe and therefore aver that Defendants owe them similar wages for each and every workweek during which they worked for Defendants for the entire duration of their employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

76. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

77. Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT III FLSA: FAILURE TO GIVE NOTICE OF TIP CREDIT

78. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

80. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

81. At all relevant times, Defendants employed Plaintiffs, and Plaintiffs were employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

82. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Ohio wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to one-half of the Ohio minimum wage per hour, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

83. Defendants failed to inform Plaintiffs of the provisions of 29 U.S.C. § 203(m) at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' wages, and Defendants should have therefore paid the full Ohio minimum wage to Plaintiffs for all time they worked during the course of their regular workweeks.

84. As a result of Defendants' willful failure to compensate Plaintiffs the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

85. As such, Defendants owe to Plaintiffs the difference between the full minimum wage and wages paid for the entire time they were employed as tipped employees by Defendants.

86. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs minimum wage for all work performed during their regular workweek would violate federal and state law, and Defendants were aware of the FLSA

minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

87. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs the applicable minimum wage for all work performed during each and every workweek during which Plaintiffs worked for Defendants.

88. Plaintiffs believe and therefore aver that Defendants owe them similar wages for each and every workweek they worked for Defendants, for the entire duration of their employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

89. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

90. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

91. Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Paige Gaglione and Ariel Redden, individually, respectfully request that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

A. Unpaid minimum wages and an additional equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B. Prejudgment and post-judgment interest;

C. Reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b); and

D. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th Day of August 2015.

                    THE BENDAU LAW FIRM, PLLC

By: */s/ Clifford P. Bendau, II*
Clifford P. Bendau, II (OH# 0089601)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone AZ: (480) 296-7887
Telephone OH: (216) 395-4226
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com

By: */s/ James L. Simon*
James L. SIMON (#0089483)
6000 Freedom Square Drive
Freedom Square II – Suite 165
Independence, Ohio 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Counsel for Plaintiff*